Matthew D. Goodstein, Esq. - MG2722
Pollack, Pollack, Isaac & DeCicco, LLP
225 Broadway, Third Floor
New York, NY 10007
Tel: (212) 608-3734
*Attorneys for Plaintiff YWEN STEDFORD*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

YWEN STEDFORD,

                Plaintiff,

v.

UNITED STATES OF AMERICA,

                Defendant.

Case No. _____

Hon. _____

**COMPLAINT**

COMES NOW THE PLAINTIFF, YWEN STEDFORD, by his attorney, Matthew D. Goodstein, Esq., of Pollack, Pollack, Isaac & DeCicco, LLP, for his complaint against Defendant UNITED STATES OF AMERICA and alleging as follows:

## NATURE OF THE CASE

1.    This is an action against Defendant UNITED STATES OF AMERICA for personal injuries and loss of property suffered by Plaintiff YWEN STEDFORD in an automobile collision in Brooklyn, New York, on January 24, 2020 between a private vehicle driven by Plaintiff YWEN STEDFORD and a vehicle owned by Defendant UNITED STATES OF AMERICA and operated by an employee of the United States Navy, acting within the scope of federal employment.  This action is brought pursuant to the Federal Tort Claims Act (FTCA), which waives the federal government's sovereign immunity "for injury or loss of property, or

personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  New York law applies to this case.

## PARTIES

2.    Plaintiff YWEN STEDFORD is an adult person who resides in Brooklyn, New York.

3.    Defendant UNITED STATES OF AMERICA is the government entity with jurisdiction and control over the employee whose negligent or wrongful act or omission injured Plaintiff YWEN STEDFORD in violation of the FTCA and New York law, as alleged herein. The United States Navy is an agency or instrumentality of the United States government.  At all relevant times, Marcellous Dixion was an employee of the United States Navy acting within the scope of his federal employment.

## JURISDICTION AND VENUE

4.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States.

5.    This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff YWEN STEDFORD's claims occurred in this district.

6.      Plaintiff YWEN STEDFORD properly exhausted his administrative remedies under the FTCA, as set forth below.

## PROCEDURAL HISTORY

7.      Plaintiff YWEN STEDFORD, through his attorneys, submitted a claim for damages, injury, or death (SF-95) with the United States Navy, which was received by the Department of the Navy, Office of the Judge Advocate General, Tort Claims Unit Norfolk on March 18, 2020.  Plaintiff's SF-95 provided sufficient information and documentation to enable the government to investigate his claim.  The claim is timely, pursuant to the Federal Tort Claims Act.  The claim is further timely pursuant to 28 U.S.C. § 2675 as more than six months have passed from receipt of the claim for damages without final disposition.

## FACTUAL ALLEGATIONS

8.      The events in this case took place on January 24, 2020 around 4:40 pm on the west-bound Jackie Robinson Parkway near Highland Boulevard, Brooklyn, New York.  Upon information and belief, Jackie Robinson Parkway in that area is a divided east/west highway, with two lanes of travel in each direction.

9.      Plaintiff YWEN STEDFORD, was operating a private vehicle, a silver Toyota Carola, bearing New York license plate FMC2375.  He was driving west-bound.

10.     The federal employee, Marcellous Dixion, was operating a Dodge SUV, bearing federal license plate G410759N, also driving west-bound.  The vehicle operated by Mr. Dixion was owned and mainained by Defendant UNITED STATES OF AMERICA.  Mr. Dixion was operating the vehicle with the permission and consent of Defendant UNITED STATES OF

AMERICA.  Mr. Dixion was operating the vehicle in furtherance of his employment with Defendant UNITED STATES OF AMERICA.  Mr. Dixion was operating the vehicle at the direction of Defendant UNITED STATES OF AMERICA.

11.     At that date and time, the front of the vehicle operated by Mr. Dixion came into contact with the rear of the vehicle operated by Plaintiff YWEN STEDFORD due to the negligence of Mr. Dixion.

12.     According to the Police Accident Report, Mr. Dixion was driving west-bound on the Jackie Robinson Parkway when he took his eyes off of the road in front of him, causing him to hit Plaintiff YWEN STEDFORD, who was also west-bound on the Jackie Robinson Parkway.

13.     According to the Police Accident Report, the vehicle operated by Plaintiff YWEN STEDFORD sustained damage to the rear middle and rear driver's side and the vehicle operated by Mr. Dixion sustained damage to the front middle and front driver's side.  Both vehicles were towed from the scene.  At the conclusion of the responding officer's investigation, he found the apparent contributing factors to be #4 (driver inattention / distraction) and #9 (following too closely) on the part of Mr. Dixion.  There were no apparent contributing factors attributed to Plaintiff YWEN STEDFORD.

14.     As a direct and proximate result of the aforesaid collision, Plaintiff YWEN STEDFORD sustained personal injuries and loss of property, which were the result of the negligence of Mr. Dixion.

15.     The aforesaid collision and the resulting personal injuries and loss of property sustained by Plaintiff YWEN STEDFORD did not result from any negligence or fault on the part of Plaintiff YWEN STEDFORD.

16.     As a direct and proximate result of the aforesaid collision, Plaintiff YWEN STEDFORD suffered serious and permanent injuries to his cervical and lumbar spine, including but not limited to bulging discs and herniations with impingement and radiculopathy, which injuries have required ongoing medical treatment, including multiple therapeutic modalities, pain management through medications and injections, and transforaminal interbody fusion at L4/5 with insertion of hardware.

17.     As a direct and proximate result of the aforesaid collision, Plaintiff YWEN STEDFORD has sustained a serious personal injury as defined by Section 5102 of the Law of the State of New York and has incurred and in the future will incur expenses for the treatment of said injuries, has been disabled and in the future will be disabled and unable to perform his usual functions, has been caused and in the future will be caused great pain and suffering, to his great loss and damages.

## COUNT ONE:  NEGLIGENCE

18.     Plaintiff repeats and re-alleges Paragraphs 1-17 above.

19.     At all relevant times, Defendant UNITED STATES OF AMERICA, through its employee, Mr. Dixion, owed a duty of care to Plaintiff YWEN STEDFORD, specifically the duty to operate the vehicle in a safe and prudent manner, to obey applicable traffic laws and regulations, to maintain a proper distance from a vehicle in front, to maintain a proper speed based on the conditions present at the time, to see what there was to be seen, to make proper observations and precautions in controlling and stopping his vehicle, and to refrain from colliding with the vehicle operated by Plaintiff YWEN STEDFORD.

20.     As alleged above, Defendant UNITED STATES OF AMERICA, through its employee, Mr. Dixion, breached this duty of care.

21.     As alleged above, Defendant UNITED STATES OF AMERICA, is vicariously liable for the acts of its employee, Mr. Dixion.

22.     As a direct and proximate result of Mr. Dixion's negligent acts and omissions, Mr. Dixion caused a collision with the vehicle operated by Plaintiff YWEN STEDFORD.

23.     As a direct and proximate result of Mr. Dixion's negligent acts and omissions, Plaintiff YWEN STEDFORD suffered severe and permanent personal injuries, physical pain and suffering, mental and emotional pain and suffering, loss of property, lost income, and other pecuniary and non-pecuniary damages.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff YWEN STEDFORD hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff YWEN STEDFORD prays for the following relief:

A.     A judgment declaring that Defendant UNITED STATES OF AMERICA is liable to Plaintiff YWEN STEDFORD, as alleged herein;

B.     An award of compensatory damages, in an amount to be proved at trial;

C.     Pre-judgment and post-judgment interest, as authorized by law;

D.     Attorney's fees, costs, and disbursements, as authorized by law; and

E.      All other relief that the plaintiff may be entitled to under law, or as justice may

require.


Dated:      November 30, 2020
            New York, New York


                              Respectfully submitted
                              Pollack, Pollack, Isaac & DeCicco, LLP

                   By:        _____
                              Matthew D. Goodstein, Esq. - MG2722
                              Attorney for Plaintiff YWEN STEDFORD
                              225 Broadway, Third Floor
                              New York, NY 10007
                              Tel:    (212) 646-3734
                              Fax:    (646) 287-1222
                              Email:  mdg@ppid.com